Sidney A. Fine, J.
This is a motion to dismiss a defense and counterclaim as insufficient in law and for judgment on the pleadings.
The-first cause of action alleges that plaintiff and defendant John A. Johnson & Sons, Inc. (hereinafter referred to as “ Johnson”) entered into a written contract under which plaintiff agreed to furpish an.d deliver all mill work for Red Hook Houses for $19,500; that plaintiff, at Johnson’s request, furnished additional materials of the agreed price and reasonable .value of '$248.13; that Johnson paid ¡plaintiff $19,748.13, but . refused to pay the Hew York City sales tax on $585. Accordingly, judgment is sought for $585.
The second cause of action is based upon a similar contract .for La Guardia Houses, for $19,000 and extras of $57.17. Plain-Jiff alleges that .the entire amount which became due from *745 Johnson, including the New York City sales tax, was $19,627.17 and that Johnson had paid only $18,527.24, leaving $1,099.93 due to plaintiff, for which judgment is demanded.
The answer of Johnson denies liability to plaintiff for the New York City sales taxes. In addition, it alleges that it (Johnson) paid $529.93 sales tax to the city, upon the latter’s demand, on the value of the work and materials furnished by plaintiff for the La Guardia Houses job. Johnson alleges that the contract for that job obligated plaintiff to pay the sales tax. Accordingly, Johnson seeks to use the payment of $529.93 as an offset to the $529.93 balance unpaid under its contract with plaintiff.
Bach of the two contracts between plaintiff and Johnson contained the following provision: ‘ ‘ Any provision of the general contract documénts notwithstanding, any taxes imposed or which may hereafter be imposed by Municipalities, State or Federal Governments upon the value of work or material furnished by the party of the second part (the plaintiff) shall be paid by the party of the second part, and the party of the second part accepts exclusive liability for any contribution for unemployment, social security, or other insurance covering the employees of the party of the second part, and the addition of (sic) this contract price of any tax imposed now or hereafter on labor or materials furnished by the second party is prohibited.” (Italics and parenthetical matter supplied.)
Plaintiff’s brief concedes that it is entitled, on the second cause of action, to recover only the $529.93. which Johnson deducted from the contract price and paid to the city. In view of the fact that the city has been paid the sales tax,, plaintiff, may not recover it from said defendant in addition to the balance due under the contract, for this would lead to an improper double tax payment to the city (see Matter of Fifth Ave. Bldg. Co. v. Joseph, 297 N. Y. 278, 284).
The contractual provision" above quoted, in the court’s opinion, is clearly broad enough to encompass city sales táxes imposed upon the sales of materials provided for in the contracts between plaintiff and Johnson. The only question presented by the present motion is whether said provision may be given legal effect. Plaintiff and defendant, the comptroller of the City of New York (made a party to this action pursuant to New York City Administrative Code, § N41-2:0, subd. e), take the position that the New York City sales tax law imposes the sales tax upon purchasers and prohibits absorption of the tax by sellers. They accordingly contend that the contractual provision for payment of the tax by plaintiff, with *746 out any right to look to Johnson for reimbursement, is illegal and void. Johnson, on the other hand, maintains that the provision of the comptroller’s regulations (art. 19) that “no vendor may absorb the tax required to be collected, or tell the purchaser that he will pay the tax ’ ’ is null and void because the statute imposing the sales tax contains no provision forbidding absorption of the tax by a vendor. Johnson urges that the regulation against absorption'exceeded the comptroller’s delegated authority.
In this court’s opinion, the statute does clearly indicate the existence of a legislative intent against absorption of the sales tax by a vendor. Section N41-2.0 (subd. e) of the New York City Administrative Code reads, in part, as follows: “Upon each taxable sale or service the tax to be collected shall be stated and charged separately from the sale price or charge for service and shown separately on any record thereof, at the time when the sale is made or evidence of sale issued or employed by the vendor and shall be paid by the purchaser to the vendor as trustee for and on account of the city, and the vendor shall be liable for the collection thereof and for the tax”. (Italics supplied.)
Subdivision b of section N41-17.0 of the Administrative Code provides: ‘' any vendor and any officer of the corporate vendor wilfully failing to charge separately from the sales price the tax herein imposed, or wilfully failing to state such tax separately on any evidence of sale issued or employed by the vendor, or wilfully failing or refusing to collect such tax from the purchaser * * * shall, in addition to the penalties herein or elsewhere prescribed, be guilty of a misdemeanor
These statutory provisions have as their clear and sole purpose that on every taxable sale the price and the tax shall be separately stated and the tax paid by the purchaser to the seller as agent for the city. Unless nonabsorption of the tax was the legislative objective, the statutory requirement that the tax be separately stated. and that it be paid by the purchaser, is meaningless.
The provisions of the two contracts involved in the instant case clearly violate the statutory provision contained in subdivision e of section N41-2.0 of the code.. There is no separate statement of the price and of the sales tax. Instead, in each contract, a lump sum price is fixed and plaintiff expressly agrees that it, the vendor, is to be liable for the tax and that the vendee is not to bear the tax. Knowledge of the illegality of such a contractual provision is chargeable to the vendee as well as to the vendor. The fact that the only criminal liability imposed *747 for violation of the statute is upon the vendor, does not detract from the illegality and consequent unenforcibility of the provision. To permit the vendee to enforce a provision for absorption of the tax by the vendor would fly in the teeth of the statute and would bring about a result diametrically opposed to that which the statute seeks to accomplish. Although Johnson may not obtain enforcement of the illegal provision for absorption of the tax by plaintiff, the latter is not prevented from recovering the tax, on the first cause of action, because it is not seeking to enforce the contract but is carrying out its statutory duty to collect the tax from Johnson, and is subject to criminal penalties if it does not do so. Plaintiff is likewise not barred from recovering the unpaid balance of the contract price in the second cause of action, because the illegality of the tax-absorption clause does not invalidate the other provisions of the contract.
Johnson argues that the contractual provisions upon which it relies are not illegal because their “ effect is to reduce the base price of the materials purchased so that the total price charged includes the tax.” It may be true, as Johnson urges, that a vendor is perfectly free to reduce the price charged by the amount of the sales tax and then require the vendee to pay the reduced price plus the sales tax. In that event, the vendee would be paying the tax. The statute, however, requires that, in such event, the price and the tax be stated separately, so that there can be no question but that the tax is borne by the purchaser. Instead of complying with the statute, the contracts between plaintiff and Johnson do the exact opposite. They provide for a single lump sum price and state that the vendor shall pay the tax and not add it to the contract price. As the contracts are worded, they take the very form which the statute is intended to prohibit.
Points II and III of Johnson’s brief are predicated upon the assumption that the comptroller’s regulation against a seller’s absorption of the tax is not supported by the tax statute itself. As the court is of the opinion that the statute clearly forbids absorption of the tax by a vendor, these points require no discussion.
Point IV of Johnson’s brief is to the effect that the absorption provision is enforcible. Johnson relies on cases holding that an illegal contract is not necessarily unenforcible. Those cases do not apply here, where the provision sought to be enforced is the very provision which , the statute condemns. To permit Johnson to obtain the benefit of the absorption clause of the contract would bring about the very result which the tax statute is designed to prevent and prohibit.
*748 The motion is granted to the extent of dismissing the defense and coimterclaim and granting plaintiff judgment on the pleadings for $585 on the first cause of action and $529.93 on the second cause.
Settle order.