■ RUDNICK BROS., INC., Respondent, v. JOHN A. JOHNSON & SONS, INC., Appellant, and COMPTROLLER OF THE CITY OF NEW YORK, Respondent.— Order and judgment appealed from unanimously modified on the law and on the facts to the extent of dismissing the second cause of action, without costs, and is otherwise affirmed. In the first cause of action the plaintiff seller seeks to recover $585 which it paid to the city as a sales tax on the sale of certain material to the defendant buyer. The second cause of action is for $529.93, which is the balance due from the defendant buyer on a contract of sale of certain building material. The defendant paid the sales tax of $529.93 directly to the city and sought to reduce the contract price by that amount. While the contract in issue provides that the seller is to absorb the sales tax in the purchase price, such provisions are illegal and unenforcible, since a buyer may not, by contract, be relieved of his statutory obligation to pay a city sales tax. (Administrative Code of City of New York, § N41–2.0, subds. e, f; § N41–17.0, subd. b; Comptroller's Rules and Regulations, art. 19, City Sales & Compensatory Use Taxes, p. 33.) Accordingly, since the first cause of action was not on the contract but was for the recovery of money only resulting from the payment of the sales tax by the plaintiff, Special Term properly granted the plaintiff's motion for judgment on the pleadings. However, since the second cause of action is based upon an illegal and unenforcible term in a contract of sale, the plaintiff cannot recover, particularly where the tax equal in amount to the sum sought has already been paid to the city by the defendant. The parties will be left to the position in which they find themselves. Settle order. Concur — Botein, P. J., Rabin, M. M. Frank, McNally and Stevens, JJ. [10 Misc 2d 743.]

■ In the Matter of the Arbitration between HEARST CORPORATION, ALBANY TIMES UNION DIVISION, Respondent, and FRANCIS S. RIVETT, as President of Newspaper Guild of Albany, Local 34, American Newspaper Guild, AFL–CIO, Respondent. NICHOLAS KELLEY, as President of American Arbitration Association, Respondent. GEORGE J. RILEY, Intervenor-Appellant.— Order unanimously affirmed, with $20 costs and disbursements to petitioner-respondent. On any theory there is insufficient shown in the papers to establish fraud, collusion or other unfairness entitling Riley to relief. Concur — Botein, P. J., Breitel, Rabin, Stevens and Bergan, JJ.